NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1434

R.A.

vs.

W.R.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a hearing where both parties appeared in the Boston Municipal Court, the defendant, W.R., appeals from a harassment prevention order (G. L. c. 258E) extended in favor of the plaintiff, R.A.  We affirm.

Before us is a procedural record amplified by court orders, the plaintiff's application for an order under c. 258E, and various exhibits.  According to that record, a judge issued an ex parte harassment prevention order on October 26, 2023. Following a two-party hearing on November 20, 2023, the judge extended the order for one year.  The defendant appealed and a panel of this court affirmed that order.  See R.A. v. W.R., 105 Mass. App. Ct. 1102 (2024).  At the conclusion of an extension

hearing held on November 20, 2024, the judge extended the order for an additional two years.  On December 12, 2024, the defendant filed a notice of appeal.

On appeal, the defendant raises three claims:  (1) the plaintiff's allegations failed "to meet the legal threshold" for a harassment prevention order; (2) the judge's "issuance and extension of the order was based on faulty findings of fact and law"; and (3) the judge's decision "constitutes retaliatory judicial action" in response to an appeal and civil suit.

As an initial matter, the defendant's arguments concerning the propriety of the order entered on November 20, 2023, are beyond the scope of this appeal.  The defendant previously appealed from that order, and a panel of this court affirmed as noted above.  Just as he does not bear the burden at an extension hearing of relitigating the harassment on which the initial c. 258E order was based, see Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 258-259 (2022), the plaintiff is not required to revisit an issue previously decided by this court.

As to the remaining arguments, the record in this case is inadequate.  "The burden is on the appellant to ensure that an adequate record exists for an appellate court to evaluate." Commonwealth v. Woods, 419 Mass. 366, 371 (1995).  See Mass. R. A. P. 8 (a)-(c), as appearing in 481 Mass. 1611 (2019); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).  When

2

making such an evaluation, "[w]e can only look at what we are given." Arch Med. Assocs., Inc. v. Bartlett Health Enters., Inc., 32 Mass. App. Ct. 404, 406 (1992). Upon our review of the record in this appeal, we discern no basis to assess the substance of the claims raised because the defendant, as the appellant, has not provided this panel with transcripts of the relevant hearings, findings of fact and law, or any material supporting his claim of retaliation. Proceeding pro se "does not relieve [the defendant] of the obligation to present an adequate record to allow proper review of his claims." Perry v. Zoning Bd. of Appeals of Hull, 100 Mass. App. Ct. 19, 25 (2021). See Jordan v. Register of Probate for Hampden County, 426 Mass. 1020, 1020 (1998) ("Once again, we caution pro se litigants that they will be held to the same standards as litigants who are represented by counsel"). Thus, the defendant has not met his

burden of presenting an adequate record for our review.

<u>Order entered November 20, 2024, extending harassment prevention order, affirmed.</u>

By the Court (Meade, Walsh & Hodgens, JJ.[1]),

*Paul Little*

Clerk

Entered:  October 20, 2025.

---

[1] The panelists are listed in order of seniority.